**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

CARMEN D. BROWN and MARCEL D.
BROWN,

               Plaintiffs,

               v.

TIPPECANOE COUNTY JAIL, CHIEF
DEPUTY TERRY RULEY, JAIL
COMMANDER THOMAS LEHMAN, and
SHERIFF ROBERT GOLDSMITH,

               Defendants.

CAUSE NO.: 4:21-CV-14-TLS-JEM

**OPINION AND ORDER**

Carmen D. Brown and Marcel D. Brown, plaintiffs proceeding without counsel, filed a

Complaint [ECF Nos. 1, 5] against the Tippecanoe County Jail, Chief Deputy Terry Ruley, Jail

Commander Thomas Lehman, and Sheriff Robert Goldsmith. They also each filed a Motion to

Proceed In Forma Pauperis [ECF Nos. 2, 4]. For the reasons set forth below, the Plaintiffs'

Motions are DENIED. The Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), and the Plaintiffs are GRANTED time to amend their Complaint,

accompanied either by the statutory filing fee or new Motions to Proceed In Forma Pauperis. If

the Plaintiffs fail to amend their Complaint within the time allowed, the Clerk of Court will be

directed to close this case without further notice to the Plaintiffs.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28

U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides

indigent litigants an opportunity for meaningful access to the federal courts despite their inability

to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324

(1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiffs' motions establish that they are unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

It appears that Marcel D. Brown is bringing claims under 42 U.S.C. § 1983 for violations of his constitutional rights. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citation omitted). The Court considers each claim in turn.

A.    **Marcel D. Brown's Claims**

The Eighth Amendment applies to persons serving a term of imprisonment, whereas the Fourteenth Amendment applies to persons in pretrial detention. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Although the Complaint references the Eighth Amendment, the Complaint does not indicate whether Marcel D. Brown was a pretrial detainee or a serving a term of imprisonment. Thus, the Court considers the Complaint under both standards.

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement by ensuring "that inmates receive adequate food, clothing, shelter, and medical care" and by "tak[ing] reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations and quotation marks omitted). To establish liability, a prisoner must satisfy both an objective and subjective component by showing that (1) the deprivation was, objectively, "sufficiently serious" and (2) the defendant acted with deliberate indifference to inmate health or safety. *Id*. at 834. The objective prong requires a showing that the "prison official's act or omission [resulted] in the denial of the minimal civilized measure of life's necessities." *Id*. (citations and quotation marks omitted). The subjective prong requires a showing that the defendant "acted in an intentional or criminally

reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, alterations, and citations omitted).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). "[A] pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Thus, "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352. Such a claim must allege an objectively serious medical condition and that the defendant's response to it was objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942–43 (7th Cir. 2019) (citation omitted).

1.    *Count 1—Breach of Duty Claim*

In Count I, Marcel D. Brown identifies three alleged violations of his federal constitutional rights: failure to provide him with his medications; failure to provide him with medical attention; and failure to provide a minimum standard of living. However, Marcel D. Brown alleges insufficient factual detail to state a claim under either the Eighth or Fourteenth Amendment standard.

First, Marcel D. Brown alleges that he was never administered his medications, even after the Tippecanoe County jail "was physically supplied with his medications while being held." Compl. 4, ECF No. 5. A medical need is objectively "serious" if it "is one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, Marcel D. Brown provides no facts to show that not receiving the medication was a violation of his constitutional rights. He does not identify the medication, the medical condition necessitating the medication, whether the medical condition was diagnosed by a physician, whether the jail was aware of his medical condition and the need for medication, or the context in which the medication was supplied to the jail.

Second, Marcel D. Brown alleges that he received no medical attention and was given no access to adequate medical attention and facilities "to assist with disclosed underlying health issues and medical conditions." Compl. 4. Again, he provides no factual detail in support of the claim, such as the nature of his underlying health conditions, whether the health conditions were diagnosed by a physician, what medical attention was required that he did not receive, or whether the jail was aware of his health conditions and the need for treatment.

Third, Marcel D. Brown alleges that the Eighth Amendment requires that prisoners be afforded a "minimum standard of living." *Id.* To the extent this is a separate claim, Marcel D. Brown alleges no facts related to his standard of living at the Tippecanoe County Jail.

The Court finds that Marcel D. Brown has failed to state a claim of a constitutional violation related to his medical care and/or the conditions of confinement and dismisses this claim.

2.    *Count 2—Claim Related to Marcel D. Brown Contracting COVID-19*

In Count 2, Marcel D. Brown alleges that he contracted COVID-19 while in the Tippecanoe County Jail as a result of a "failure to administer duty of care," and he makes several general allegations regarding COVID-19. Reading the allegations liberally, Marcel D. Brown appears to allege unconstitutional conditions of confinement, whether brought under the Eighth

or Fourteenth Amendment. However, the Complaint contains no allegations regarding the conditions in the Tippecanoe County Jail related to the handling of the COVID-19 pandemic. By itself, the fact that Marcel D. Brown contracted COVID-19 at the jail is not sufficient to state a claim for a constitutional violation based on his conditions of confinement. *See, e.g.*, *Burnette v. Schmaling*, No. 20-CV-1792, 2021 WL 1192362, at *2 (E.D. Wis. Mar. 30, 2021) (citing *Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020)).

To the extent Marcel D. Brown is alleging a denial of adequate medical care related to having contracted COVID-19, he has not included any allegations regarding his personal case of COVID-19. Thus, he has not alleged facts to show that he suffered from an objectively serious medical need to which the defendants had an objectively unreasonable response. *See, e.g.*, *Burnette*, 2021 WL 1192362, at *2 (finding that the fact of contracting COVID-19, without more, was not enough to demonstrate an objectively serious medical condition (citing *Coates*, 2020 WL 6801884, at *2)). The Court finds that Marcel D. Brown has failed to state a claim related to contracting COVID-19 and dismisses the claim.

3.    *Claims Against Individual Defendants*

The Complaint names Chief Deputy Terry Ruley, Jail Commander Thomas Lehman, and Sheriff Robert Goldsmith as defendants. Liability under § 1983 "depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Here, the Complaint contains no factual allegations as to how any of these defendants was involved in the alleged deprivation of Marcel D. Brown's constitutional rights. To proceed against an individual defendant, Marcel D. Brown must explain what each individual defendant did to violate his rights, alleging how each

defendant was personally involved in the alleged failure to provide him with his medication, to provide medical care, or to provide reasonable conditions of confinement.

4.    *Claims Against Tippecanoe County Jail and Sheriff Goldsmith in his Official Capacity*

The Tippecanoe County Jail is not a proper defendant. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (finding that a jail is a non-suable entity); *Vaughn v. Lake Cnty. Jail*, 3:09-CV-72, 2009 WL 973493, at *2 (N.D. Ind. Apr. 9, 2009) (same). Therefore, the Court dismisses the Tippecanoe County Jail as a Defendant.

Nevertheless, a claim may be brought against Sheriff Robert Goldsmith in his official capacity, which is actually a claim against the government entity for which the Sheriff works, the County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) (citation omitted). However, because there is no respondeat superior liability under § 1983, a government entity is only liable for damages under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2004) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To state a claim that a municipality has violated an individual's civil rights under § 1983, a plaintiff must allege that (1) the municipality had an express policy that, when enforced, causes a constitutional deprivation; (2) the municipality had a widespread practice that is so permanent and well settled it constitutes a custom or usage with the force of law; or (3) a person with final policymaking authority caused the plaintiff's constitutional injury. *Id.* (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

Here, the Complaint contains no factual allegations that raise an inference that the alleged denial of Marcel D. Brown's rights was based on an unconstitutional policy or custom or by the

action of a person with final policymaking authority. Thus, the Court dismisses any § 1983 *Monell* claim against Sheriff Goldsmith in his official capacity.

5.    *Injunctive Relief*

In the Complaint, Marcel D. Brown also seeks the injunctive relief of COVID-19 testing of inmates, cleaning of all cells and areas, and the exercise of more reasonable care of inmates. First, any claim for injunctive relief on behalf of himself is moot because Marcel D. Brown is no longer detained in the Tippecanoe County Jail and does not allege that there is a realistic possibility that he will again be incarcerated in the Tippecanoe County Jail. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Second, to the extent Marcel D. Brown seeks injunctive relief related to the conditions of confinement of other detainees rather than in relation to his own constitutional rights, he lacks standing to seek the requested injunctive relief. *See Higgason*, 83 F.3d at 810. Therefore, the Court dismisses the claim for injunctive relief.

**B.    Carmen D. Brown's Claims**

Although Carmen D. Brown is named in the caption of the Complaint and signed the Complaint, the body of the Complaint contains no factual allegations regarding Carmen D. Brown. Therefore, Carmen D. Brown has failed to state a claim for relief and is dismissed as a plaintiff.

**CONCLUSION**

Based on the foregoing, the Court DENIES Carmen D. Brown's Motion to Proceed In Forma Pauperis [ECF No. 2], DENIES Marcel D. Brown's Motion to Proceed In Forma Pauperis

[ECF No. 4], and DISMISSES without prejudice the Complaint [ECF Nos. 1, 5] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Plaintiffs are granted up to and including May 6, 2021, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion and must clarify whether Marcel D. Brown was a pretrial detainee or incarcerated at the time of the events underlying the amended complaint. If the amended complaint is brought by both Carmen D. Brown and Marcel D. Brown, both of them must sign the amended complaint.

Along with an amended complaint, the Plaintiffs must also either pay the filing fee or file new Motions to Proceed In Forma Pauperis.

The Plaintiffs are cautioned that, if they do not respond by the May 6, 2021 deadline, the Court will direct the Clerk of Court to close this case without further notice.

SO ORDERED on April 9, 2021.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT