UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARCEL D. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> TIPPECANOE COUNTY JAIL, <br><br> Defendant. | CAUSE NO.: 4:21-CV-14-TLS-JEM |

**OPINION AND ORDER**

Marcel D. Brown, a plaintiff proceeding without counsel, filed a Complaint [ECF No. 5] as well as a Motion to Proceed In Forma Pauperis [ECF No. 4].[1] On April 9, 2021, the Court denied the motion and dismissed the Complaint without prejudice with leave to file an amended complaint to cures the deficiencies identified by the Court. On May 5, 2021, the Plaintiff filed an Amended Complaint [ECF No. 7] and a Motion to Proceed In Forma Pauperis [ECF No. 8]. For the reasons set forth below, the Motion to Proceed In Forma Pauperis [ECF No. 8] is DENIED and the Plaintiff's Amended Complaint is DISMISSED without prejudice. The Plaintiff is GRANTED one final opportunity to amend his Complaint, accompanied either by the statutory filing fee or a new Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

---

[1] Initially, a Complaint was filed on February 16, 2021, naming Carmen D. Brown and Marcel D. Brown as plaintiffs in the caption; however, Marcel D. Brown did not sign the pleading. *See* ECF No. 1. The Court granted Marcel D. Brown leave to sign the Complaint, which he did on February 19, 2021. *See* Feb. 17, 2021 Order, ECF No. 3; Compl., ECF No. 5. In its April 9, 2021 Opinion and Order, the Court dismissed Carmen D. Brown as a plaintiff, and she is not named in the Amended Complaint. *See* Apr. 9, 2021 Op. & Order, ECF No. 6; Am. Compl., ECF No. 7.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

It appears that the Plaintiff's Amended Complaint is brought under 42 U.S.C. § 1983 for violations of his constitutional rights. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citation omitted). Because the Amended Complaint references the Plaintiff being released on bond, it appears that the Plaintiff was a pretrial detainee protected by the Fourteenth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). "[A] pretrial detainee can prevail

by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* at 856 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (holding that "*Kingsley*'s objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees"). The Court considers each of the Plaintiff's claims.

A.  **Access to Medication**

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352. Such a claim must allege an objectively serious medical condition and that the defendant's response to it was objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942–43 (7th Cir. 2019) (citation omitted). A medical need is objectively "serious" if it "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Here, the Plaintiff alleges: "I was denied access to medication for seizures while I was in jail." Am. Compl. 2, ECF No. 7. Although the Plaintiff has now alleged a serious medical condition—seizures, he still has not alleged that anyone at the jail was aware of this condition and knew he was prescribed medication. Moreover, the only defendant named in the Amended Complaint is the Tippecanoe County Jail, which the Court previously explained is not a proper defendant. *See* Apr. 9, 2021 Op. & Order 7, ECF No. 6 (citing *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (finding that a jail is a non-suable entity); *Vaughn v. Lake Cnty. Jail*,

3:09-CV-72, 2009 WL 973493, at *2 (N.D. Ind. Apr. 9, 2009) (same)). The Court again dismiss the Tippecanoe County Jail as a Defendant.

As explained in the prior Opinion and Order, liability under § 1983 "depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Also, there is no respondeat superior liability under § 1983, and a government entity, such as a county, is only liable for damages under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2004) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To state a claim that a municipality has violated an individual's civil rights under § 1983, a plaintiff must allege that (1) the municipality had an express policy that, when enforced, causes a constitutional deprivation; (2) the municipality had a widespread practice that is so permanent and well settled it constitutes a custom or usage with the force of law; or (3) a person with final policymaking authority caused the plaintiff's constitutional injury. *Id.* (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

The Amended Complaint does not identify any individuals who were aware of the Plaintiff's medical need related to seizures and seizure medication, and the Amended Complaint does not explain how any such individuals responded when the Plaintiff asked for medical treatment or that the individuals became aware of the Plaintiff's need for medication. The Amended Complaint also contains no allegations that would state a claim of municipal liability on his medical-care claim. Accordingly, the Plaintiff cannot proceed on his medical-care claim, and the Court dismisses the claim.

### B.     Conditions of Confinement—Exposure to COVID-19

In the Amended Complaint, the Plaintiff alleges that he tested positive for Covid-19 before he posted bond, which meant that he spent two weeks away from his wife and family while in quarantine. The Plaintiff alleges that he was "not given a mask or other things to prevent COVID-19." Am. Compl. 2. He alleges that, on December 4, 2020, a guard let another inmate into the Plaintiff's cell during lockdown and the inmate was the first person to test positive for COVID-19 a few days before the Plaintiff's test. The Plaintiff alleges that inmates who tested positive for COVID-19 were allowed into the dayroom for one hour and then, without the room first being sanitized, those who were not sick were allowed into the dayroom.

First, the claim fails because the Plaintiff has not named a defendant. As set forth above, the Tippecanoe County Jail is not a proper defendant. The Plaintiff has not identified anyone who allegedly violated his constitutional rights or how any such defendant was personally involved in the alleged violations. Thus, the Plaintiff cannot bring this conditions-of-confinement claim, and the Court dismisses the claim.

In addition, the allegations in the Amended Complaint are insufficient to state a constitutional violation. As an initial matter, the Plaintiff does not allege that he contracted COVID-19 at the Tippecanoe County Jail; he only alleges that he tested positive for COVID-19 while at the Tippecanoe County Jail, which apparently delayed his release on bond due to quarantine. The Plaintiff does not allege any facts regarding the date he was detained in the Tippecanoe County Jail, the date he tested positive for COVID-19, or the date he was released on bond. Moreover, as explained in the previous Opinion and Order, even if the Plaintiff contracted COVID-19 at the jail, that fact alone is not sufficient to state a claim for a constitutional violation based on his conditions of confinement. *See, e.g.*, *Burnette v. Schmaling*, No. 20-CV-1792, 2021

WL 1192362, at *2 (E.D. Wis. Mar. 30, 2021) (citing *Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020)). Further, he has not alleged any facts that he was denied medical care in violation of the Fourteenth Amendment in relation to his personal case of COVID-19 disease.

The fact that he shared a cell with someone who *later* tested positive for COVID-19 by itself does not state a constitutional claim for unreasonable conditions of confinement without additional, specific factual allegations to suggest that housing them together was objectively unreasonable (e.g., the defendant's knowledge that the cellmate had tested positive for COVID-19). *Cf. Brown v. Watson*, 21-CV-138, 2021 WL 1249834, at *2 (S.D. Ill. Apr. 5, 2021) (finding, on preliminary review under 28 U.S.C. § 1915A(a), that the plaintiff stated a Fourteenth Amendment claim of unconstitutional conditions of confinement based on exposure to COVID-19 positive inmates, denial of protective gear, and denial of adequate testing for the virus).

The Plaintiff alleges that he "was not given a mask or other things to prevent COVID-19," Am. Compl. 2, but he does not allege details to show that he was directly exposed to a serious risk of harm as a result. *See Tyler v. Lawrence*, 2:20-CV-194-PPS, 2021 WL 1294007 (N.D. Ind. Apr. 7, 2021) (finding the general allegation that the plaintiff was housed around individuals with COVID-19, Hepatitis C, and HIV too vague "to show he was directly exposed to any serious risk of harm" and that he did not "allege he was sickened as a result of his placement"). As for the allegation that "[t]he jail would allow all inmates who tested positive into the dayroom for one hour, then allow all those not sick into the day room without sanitizing first," the Plaintiff does not allege that he was affected by this practice or how it harmed him.

As for the injunctive relief sought in the Amended Complaint, all of which is related to Covid-19 screening, vaccination, and increased cleaning, the Court explained in its prior Opinion

and Order that any claim for injunctive relief on behalf of the Plaintiff himself is moot because he is no longer detained in the Tippecanoe County Jail and does not allege that there is a realistic possibility that he will again be detained in the Tippecanoe County Jail. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). In addition, to the extent the Plaintiff seeks injunctive relief related to the conditions of confinement of other detainees rather than in relation to his own constitutional rights, he lacks standing to seek the requested injunctive relief. *See Higgason*, 83 F.3d at 810. Therefore, the Plaintiff cannot seek injunctive relief based on the allegations of the Amended Complaint.

C. **Conditions of Confinement—Sanitation, Sleeping Conditions, and Recreation**

In the Amended Complaint, the Plaintiff alleges that, on his first night, he had to sleep on the floor and that some days he was not allowed out for his "one hour." Am. Compl. 2. He also alleges that there are "really nasty showers, cells, and [rec] room." *Id.* Even if these factual allegations rise to the level of a constitutional violation, the Plaintiff has not identified the defendants he is bringing this claim against. As set forth above, the Tippecanoe County Jail is not a proper defendant. The Plaintiff has not identified who violated his rights or how any such defendant was personally involved in making him sleep on the floor, depriving him of going outside, and preventing the showers, cells, and rec room from being cleaned. And, as the Plaintiff is no longer in the jail, he cannot seek injunctive relief to modify the conditions of his confinement. Therefore, the Court dismisses this claim.

## CONCLUSION

Based on the foregoing, the Court DENIES Marcel D. Brown's Motion to Proceed In Forma Pauperis [ECF No. 8], and DISMISSES without prejudice the Amended Complaint [ECF No. 7] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Plaintiff is granted up to and including June 17, 2021, for one final opportunity to file a second amended complaint that cures the deficiencies set forth above. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended complaint, the Plaintiff must also either pay the filing fee or file a new Motion to Proceed In Forma Pauperis. The Plaintiff is cautioned that, if he does not respond by the June 17, 2021 deadline, the Court will direct the Clerk of Court to close this case without further notice.

SO ORDERED on May 19, 2021.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT